FORM B104 (08/07)                          2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> Fermin P. Canlas | **DEFENDANTS** <br> US Bank National Association et. al. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> Gary Harre, Esq. GLOBAL CAPITAL LAW, PC <br> 17612 Beach Blvd., Ste 8, Huntington Beach, CA 92647. <br> Telephone (714) 907-4182 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) <br> ☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor    ☐ Other <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor    ☐ Other <br> ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint to determine the Nature, Extent and Validity of Lien, and to disallow Secured Claim, TILA Violations, Fraud, Libel, Quiet Title and Injunctive Relief.

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
[2] 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
[1] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
[3] 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[4] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☒ Check if a jury trial is demanded in complaint | Demand $ 1,000,000.00 |
| Other Relief Sought | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| **NAME OF DEBTOR** <br> Fermin P. Canlas ||| **BANKRUPTCY CASE NO.** <br> 2:10-BK-55468 |
| **DISTRICT IN WHICH CASE IS PENDING** <br> Central District of California || **DIVISIONAL OFFICE** <br> Los Angeles Division | **NAME OF JUDGE** <br> THOMAS B. DONOVAN |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| **PLAINTIFF** | **DEFENDANT** || **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** || **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** ||||
| **DATE** <br> 1/14/11 || **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> Gary Harre, Esq. - Attorney for Plaintiff ||

# INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Global Capital Law PC<br>Gary Harre Esq.  Diane Beall Esq. Barry S. Fagan Esq.<br>17612 Beach blvd. Ste 8<br>Huntington Beach, CA 92647<br>TELEPHONE: (714) 907-4182<br>FACSIMILES: (714) 907-4175<br>EMAIL: GHCMECF@GMAIL.COM<br><br>*Attorney for Plaintiff* Fermin P Canlas | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br><br>    Fermin P Canlas<br><br>                                                          Debtor. | CHAPTER  7<br><br>CASE NUMBER<br><br>ADVERSARY NUMBER |
|---|---|
| Fermin P Canlas<br>                                                          Plaintiff(s),<br><br>vs.<br><br>See Attached<br>                                                          Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint.  You must also send a copy of your written response to the party shown in the upper left-hand corner of this page.  Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| **Hearing Date:** | **Time:** | **Courtroom:** | **Floor:** |
|---|---|---|---|

☐ 255 East Temple Street, Los Angeles           ☐ 411 West Fourth Street, Santa Ana
☐ 21041 Burbank Boulevard, Woodland Hills     ☐ 1415 State Street, Santa Barbara
☒ 3420 Twelfth Street, Riverside

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference.  Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval.  The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**JON D. CERETTO**
**Clerk of the Bankruptcy Court**

By: _____
       *Deputy Clerk*

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Revised December 1998 (COA-SA)                                                                                                                                 **F 7004-1**

## Attachment to Summon and Notice of Status Conference

Defendants:

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE OF MAIDEN LANE ASSET-BACKED SECURITIES I TRUST 2008-1, WITHOUT RECOURSE SUCCESSOR LENDER BY MESNE TRANSFER FROM MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR GREENPOINT MORTGAGE FUNDING, INC., A NEW YORK CORPORATION; AZTEC FORECLOSURE CORPORATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,INC.(MERS);
and all persons claiming by, through, or under such person, all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title thereto; and DOES 1-100, Inclusive;

F 7004-1

| In re | CHAPTER 7 |
|---|---|
| Fermin P Canlas                                                    Debtor. | CASE NUMBER |

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF _____

1. I am employed in the County of _____, State of California. I am over the age of 18 and not a party to the within action. My business address is as follows:

2. ☐ **Regular Mail Service:** On _____, I served the foregoing Summons and Notice of Status Conference (and any instructions attached thereto), together with the Complaint filed in this proceeding, on the Defendant(s) at the following address(es) by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid in the United States Mail at _____, California, addressed as set forth below.

3. ☐ **Personal Service:** On _____, personal service of the foregoing Summons and Notice of Status Conference (and any instructions attached thereto), together with the Complaint filed in this proceeding, was made on the Defendant(s) at the address(es) set forth below.

4. Defendant(s) and address(es) upon which service was made:

   DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, RESIDENTIAL ASSET SECURITIZATION TRUST 2007-A5, MORTGAGE PASS-THROUGH SERIES 2007-E, UNDER THE POOLING AND SERVICING AGREEMENT DATED 3-1-2007.

   1761 E. SAINT ANDREW PLACE
   SANTA ANA, CALIFORNIA 92705-4934

   TELEPHONE 714-247-6000

☐ Names and Addresses continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:

_____            _____
*Type Name*                                                    *Signature*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Revised December 1998 (COA-SA)                                                                                    F 7004-1

GLOBAL CAPITAL LAW, PC
GARY HARRE, ESQ. (BAR NO. 86398)
DIANE BEALL, ESQ. (BAR NO. 86877)
BARRY FAGAN, ESQ. (BAR NO. 160104)
17612 Beach Blvd., Ste 8
Huntington Beach, CA 92647
TELEPHONE: (714) 907-4182
FACSIMILE:   (714) 907-4175
Email: ghcmecf@gmail.com

Attorney for Debtor, Fermin P. Canlas

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>FERMIN P. CANLAS<br><br>_____<br><br>FERMIN P. CANLAS, an Individual.<br><br>                   Plaintiff,<br><br>-vs.-<br><br>U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE OF MAIDEN LANE ASSET-BACKED SECURITIES I TRUST 2008-1, WITHOUT RECOURSE SUCCESSOR LENDER BY MESNE TRANSFER FROM MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR GREENPOINT MORTGAGE FUNDING, INC., A NEW YORK CORPORATION; AZTEC FORECLOSURE CORPORATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,INC.(MERS); and all persons claiming by, through, or under such person, all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title thereto; and DOES 1-100, Inclusive;<br><br>                   Defendants. | **CASE NO. 2:10-bk-55468-TD**<br><br>**ADVERSARY PROCEEDING**<br><br>**ADV. NO.: _____**<br><br>**COMPLAINT TO DETERMINE THE NATURE, EXTENT AND VALIDITY OF LIEN AND TO DISALLOW SECURED CLAIM, TILA VIOLATION, FRAUD, LIBEL, QUIET TILE, AND INJUNCTIVE RELIEF.** |

COMES NOW debtor and plaintiff FERMIN P. CANLAS herein, ("Plaintiff" or "CANLAS"), and respectfully allege the following:

1. This adversary proceeding is brought pursuant to 11 U.S.C. §506 and Federal Rule of Bankruptcy Procedure 7001.

2. This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§151, 157 and 1334(b). Venue is proper pursuant to 28 U.S.C. §1409.

3. This adversary proceeding is a core proceeding as defined at 28 U.S.C. §157(b)(2)(b) and (b)(2)(K) in that it is an action to determine the nature, extent and validity of a lien on property evidenced by a deed of trust, and the allowance or disallowance of a claim. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and jurisdiction exists pursuant to 11 U.S.C. § 502 (a) and (b) (1), 11 U.S.C. § 544 (a) (3) and (b) (1), 28 U.S.C. 1334, 28 U.S.C. 2201 for declaratory relief and 28 U.S.C. 1367 for pendent state claims.

4. The Chapter 7 Trustee has filed an abandonment of all claims by the bankruptcy estate and Debtor is now free to pursue this adversary proceeding.

## PARTIES

5. Plaintiff is an individual, and debtor of the within captioned bankruptcy case, having filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on October 21, 2010 ("the Bankruptcy Case") in the Central District of California Case Number: 2:10-bk-55468-TD.

6. Plaintiff is and at all times mentioned herein is the owner and purchaser of real property (hereinafter referred to as "SUBJECT PROPERTY" and more particularly described as:

**A CONDOMINIM COMPRISED OF: PARCEL 1: AN UNDIVIDED ¼ INTEREST IN AND TO PARCEL 1 OF PARCEL MAP NO. 24703, IN THE CITY OF MONTEREY PARK, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA , AS PER MAP RECORDED IN BOOK 282 PAGE(S) 15 AND 16 OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, EXCEPT THEREFROM CONDOMINIUM PLAN RECORDED AUGUST 13, 1998 AS INSTRUMENT NO. 98-1427409, OFFICIAL RECORDS OF SAID COUNTY, PARCEL 2: UNIT 4, AS SHOWN UPON THE CONDOMINIUM PLAN REFERRED TO IN PARCEL 1 ABOVE.**

COMPLAINT TO DETERMINE THE NATURE, EXTENT AND VALIDITY OF LIEN AND TO DISALLOW SECURED CLAIM.

**WHICH PURPORTED ADDRESS OF: 212 GLADYS AVENUE, MONTEREY PARK, CA. 91755**

7. Plaintiff is informed and believes and therefore alleged that U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE OF MAIDEN LANE ASSET-BACKED SECURITIES I TRUST 2008-1, WITHOUT RECOURSE SUCCESSOR LENDER BY MESNE TRANSFER FROM MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR GREENPOINT MORTGAGE FUNDING, INC., A NEW YORK CORPORATION (Hereinafter US Bank) is a federally chartered bank and also operates its business in California.

8. Plaintiff is informed and believes and therefore alleged that defendant Aztec Foreclosure Corporation with its principal place of business located at 3300 N. Central Ave. Suite 2200 Phoenix, AZ 85012 and is authorized to conduct business in California under California Corporation number C1966982 with its registered agent being CT Corporation located at 818 W 7th Street, Los Angeles, CA 90017.

9. The Plaintiff is informed and believes and therefore alleges that Defendant Mortgage Electronics Registration Systems Inc. (MERS) is a foreign corporation not authorized to do business in California and thereon alleged that any mortgage transfer purportedly made by MERS having no interest in the subject promissory note is VOID as matter of law.

10. The Defendants herein named as "all persons claiming by, through, or under such person, all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title thereto" (hereinafter referred to as "the unknown defendants") are unknown to Plaintiffs. These unknown Defendants, and each of them, claim some right, title, estate, lien, or interest in the hereinafter-described property adverse to Plaintiffs' title; and their claims, and each of them, constitute a cloud on Plaintiff's title to that property.

11. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 100, and therefore sue these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believe and thereon allege that each of these fictitiously named defendants claim some right, title,

COMPLAINT TO DETERMINE THE NATURE, EXTENT AND VALIDITY OF LIEN AND TO DISALLOW SECURED CLAIM.

estate, lien, or interest in the hereinafter-described property adverse to Plaintiffs' title and their claims, and each of them, constitute a cloud on Plaintiffs' title to that property.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10.     US Bank represents itself and holds itself out as the Creditor, Trustee, and Document Custodian of Records for Maiden Lane Asset Backed Securities I Trust through series 2008-1 without recourse successor Lender by mesne transfer from mortgage electronic registration Systems Inc. (MERS), as nominee for Greenpoint Mortgage Funding Inc., a New York Corporation and against Plaintiff's interest in the SUBJECT PROPERTY

11.     Maiden Lane Asset Backed Securities I Trust through series 2008-1 is a Special Purpose Trust issued pursuant to the merger of the Bear Stearns Companies Inc. ("Bear Stearn") and JP Morgan Chase & Co ("JPMC"); wherein Maiden Lane LLC is a Delaware limited liability company as a special purpose vehicle consolidated by the Federal Reserve Bank of New York.

12.     Maiden Lane LLC is a single member limited liability company and the Federal Reserve Bank of New York ("FRBNY") is the sole and managing member.  FRBNY is the controlling party of the assets in which Plaintiff's promissory note is believed to be held by such LLC and its beneficial interest is fraudulently asserted by US Bank.

13.     Based on publically available information from Security Exchange Commission, two grantor trusts were established to directly acquire the whole mortgage loan assets in 2008. One was formed to acquire the portfolio of commercial mortgage loans and one was formed to acquire the portfolio of residential mortgage loans (Maiden Lane Commercial Mortgage Backed Securities Trust 2008-I and Maiden Lane Asset Backed Securities I Trust 2008-1, together the "Grantor Trusts").

14.     The Grantor Trusts own the whole mortgage loans.  The LLC owns the trust certificates representing all of the beneficial ownership interest in each trust and as a result controls and consolidates the Grantor Trusts.

15.     Based on information described *infra*, Plaintiff believes and therefore alleges that the conveyance to US Bank as Trustee is fraudulent as credit bid because the Maiden Lane Assets

Backed Securities Trust is owned by the LLC not by US Bank as Trustee for such special purpose trust.

16. Plaintiff is informed and believes and therefore alleges that Bear Stearns recklessly exposed thousands of homeowners to stated income, interest only loan that in Orange County, California alone has lead to an over 25% loan default rate.

17. Plaintiff is informed and believes and therefore alleged that GreenPoint Mortgage Funding Inc. ("hereinafter, "Greenpoint") represented to Plaintiff that it was originator of the subject loan ("hereinafter, "the Greenpoint Loan"") with loan number 0092684091 through a table funding on or about July 30, 2007.

18. Plaintiff is informed and believes and therefore alleged that EMC Mortgage Corp. ("EMC") never received beneficial interest in the promissory note and the Deed of Trust as security instrument for such obligation. In fact, public records from Los Angeles County Recorder did not indicate any assignment of such beneficial interest from Greenpoint to EMC.

19. Plaintiff is informed and believes and therefore alleged that on or about May 15, 2009 "MERS" as nominee for EMC Mortgage Corporation, who is not the party to this subject transaction, recorded a Substitution of Trustee, document number 09-0723180 purportedly substituted Aztec Foreclosure Corp. as trustee under the subject deed of trust.

20. On or about June 8, 2010 Aztec Foreclosure Corporation with power of sale fraudulently obtained by virtue of substitution of trustee made by MERS, recorded Notice of Trustee Sale with Los Angeles Country Recorder as Instrument number 09-507950.

21. On or about October 25, 2010 US Bank filed a false Assignment of Deed of Trust or "Wild Deed Instruments" with the Office of the Recorder of Los Angeles County, California, clouding Plaintiff's title and ownership interest for the property known as 212 Gladys Avenue, Monterey, California 91755.

22. Defendant US Bank, As Trustee of Maiden Lane Asset Backed Securities I Trust 2008-1, without recourse successor lender by mesne transfer from Mortgage Electronic Registration

- 5 -
COMPLAINT TO DETERMINE THE NATURE, EXTENT AND VALIDITY OF LIEN AND TO DISALLOW SECURED CLAIM.

Systems Inc. is a National bank corporation, doing business in the State of California, and purportedly assert its secured interest on Plaintiff's subject property.

23. US Banks's fraudulent claim under Wild Deed Instruments is entirely unsecured and there is no security that attaches to the Wild Deed Instruments.

24. On or about July 19, 2007 Plaintiff signed a document styled as a First Promissory Note on the subject property for $607,500.

25. Plaintiff is informed and believes and therefore alleged that Greenpoint falsely represented that they were funding the note. This was not the case as the funds came from another source. The indebtedness to this note remains uncertain. Plaintiff has not seen the original note since signing and its whereabouts or existence is unknown.

26. On or about July 19, 2007 Plaintiff executed another documents styled as a security interest with respect to the subject property as Los Angeles Recorded Document 2007-1868558 recorded on 08-09-2007.

27. Plaintiff is informed and believes and therefore alleged that subsequent to signing, unknown agents defaced the document to conform to their own deception. This mutilation is substantive in nature and goes to the heart of the deception. The document which purports such interest is invalid ab initio. Such document cannot be enforced by the initial receptor and its purported successors. Enforcement is void ab initio due to the falsified uttering placed by such agent.

28. On October 25, 2010 a "Wild Deed Instrument" was recorded by MERS as nominee for EMC, who is not a party to this transaction, as instrument number 2010-1521738 purportedly assigned its non-existent beneficial interests to US Bank National Association as trustee Maiden Lane Asset Backed Securities' I Trust 2008-1.

29. On or about October 18, 2010 Plaintiff's property was allegedly sold by Aztec Foreclosure Corporation by way of a trustee's sale.

30. On information and belief and thereon, Plaintiff alleges that such sale never took place and Defendant Aztec manufactured and recorded a forged Trustee's Deed.

31. On or about October 21, 2010, Plaintiff filed Chapter 7 Bankruptcy Petition under case # 2:10-bk-55468-TD seeking protection from the pending Trustee' sale.

32. The entity US bank as Trustee, has no pecuniary interest in the mortgage loan. The foreclosing entity is a third party receiving interest from MERS who has no beneficial interest to assign. US Bank, as Trustee, lacked the standing and the capacity to foreclose, and having no beneficial interest to make credit bid. MERS as nominee, having no beneficial interest in the Promissory Note, would have no legal authority to draft mortgage assignments and to substitute trustee. The foreclosing entity and its agents regularly commit perjury in relation to their testimony.

33. Greenpoint, the "Lender", on the original Promissory Note was not the lender. The originators of the loan immediately and simultaneously securitized the note. The beneficial interest in the note was never in the lender. In this case, MERS, acting as nominee for Greenpoint under the deed of trust, was never intended to be the beneficiary of the mortgage loan. The Servicer, like EMC, or some parties have, or is about to declare the default are not in privity with the lender. The true owner or beneficiary of the mortgage loan has not declared a default and usually no longer have an interest in the note.

34. MERS has no beneficial interest in the subject Note, has never held the Note, has no agency authority to convey an interest in the Note and, as such, any attempt by MERS to transfer the ownership of the Note is void. The mortgage loan assigned to MERS as nominee is at most, an unsecured debt. The only parties entitled to collect on the unsecured debt would be the holders in due course and beneficial owners of the original Promissory Note.

35. Certain individuals who were the employees of the Servicer, EMC, and even the employees of the law firms executed and notarized forged documents as to the ownership of the loan. The affiants have committed counts of fraud, perjury and forgery of the mortgage loan.

36. Defendant US BANK, represents itself as a trustee of a "Trust" coming to Court are actually a special purpose vehicle consolidated by the Federal Reserve bank of New York ("FRBNY"). The

Servicers, like EMC and trustee like US Bank, are merely administrative entities which collect the mortgage payments and escrow funds.

37. Importantly, US Bank as "Trustee" of a special purpose vehicle consolidated by the Federal Reserve Bank of New York cannot receive ownership interest in the promissory note in contrary to terms set up by the FRBNY.

38. Consequently, US Bank lacked the power to acquire or take assignment of any mortgage outside of the terms and conditions of Maiden Lane Trust. An attempted assignment or ownership of the Note is a "Prohibited Transaction".

39. As such, the Assignment, dated October 25, 2010, is ultra vires. In this scenario, even if the foreclosing entity produces a copy of a note, or even an alleged original, the mortgage loan cannot be conveyed to US Bank as a trustee.

40. Plaintiff signed a Promissory Note and Mortgage; they were unknowingly converting their property into an asset of a MBS prior to be taken over by the FRBNY. Plaintiff was never informed of the nature of the scheme. They were deliberately induced into signing a Negotiable Instrument which was never intended as such, but as intended as collateral for a MBS.

41. The fact that this loan was meant to fund a failed MBS was a "Material disclosure" which was deliberately and intentionally undisclosed. The failure to disclose the identity of the true lender at closing was also a "material disclosure"; the nature of which would make the contract voidable under California contract law.

42. In this case, Plaintiffs' mortgage was never part of MBS scheme pooled by the Bear Stearns Company Inc. whose assets as part of failed bank was taken over by FRBNY.

43. Here, the Note and Mortgage were severed or bifurcated when the deed of trust was fraudulently assigned to MERS as nominee for EMC. EMC never loaned any money to the Plaintiff. MERS was never a beneficiary under the Note. MERS purportedly held the Mortgage as "nominee" for EMC, an assignee of fraudulently conveyed deed of trust to US Bank as trustee. Since then, the only party who could authorize the mortgage assignment for a bankrupt mortgage

assignee would be the FRBNY.  In this case, MERS mortgage has been assigned on behalf of a bankruptcy entity, a criminal violation of the bankruptcy code had occurred.

44. An assignment from MERS was a legal nullity.  MERS never had an interest in this fraudulently conveyed mortgage and Note.

45. MERS assigned mortgage was prepared by an agreement between the Defendants.  These Defendants used false information regarding the individuals executing such mortgages and assignments, holding such individuals out to be officers of MERS.

### FIRST CLAIM FOR RELIEF
### [Declaratory Relief to Determine an Interest in Property]
### [F.R.B.P 7001(2) and 7001(9)]

46. Plaintiff re-alleges and incorporates the allegations contained in preceding paragraphs, inclusive, as though set forth at length herein.

47. Plaintiff alleges that he hold an interest in the Property free and clear of any interest of defendants, in that the lien evidenced by the Deed of Trust and its subsequent assignments has no value since it is wholly unsecured, and that accordingly, the Deed of Trust is null and void.

48. Plaintiff is informed and believes that Defendants allege that the Deed of Trust cannot be determined to be null and void because it is secured by the Property which is Plaintiff's principal residence and is not wholly unsecured.

49. Plaintiff is informed and believes and thereon alleges that Defendants dispute the contention alleged herein.

50. An actual controversy exists between Plaintiff and Defendants with regard to the validity, nature and extent of their interests in the Property.

51. It is necessary that this Court declare the actual rights and obligations of the parties and make a determination as to the validity, nature and extent of Defendants' interest in the Property.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. That the Court determine the nature and extent and validity of Defendants' interest in the subject property;

2. That the Court determine that the amount of the lien secured by the Deed of Trust described herein is zero;

3. That the Court determine that the claim owed to US Bank as trustee by Plaintiff is wholly unsecured;

4. That the Court determine that the Deed of Trust is null and void;

5. For attorney fees and costs of suit incurred herein; and,

6. For such other and further relief as the court deems just and proper.

### SECOND CLAIM FOR RELIEF
### [Declaratory Relief to Determine Status of Deutsche Bank Claim]
### [11 U.S.C. § 506 and F.R.B.P 7001]

52. Plaintiff re-alleges and incorporates the allegations contained in preceding paragraphs, inclusive, as though set forth at length herein.

53. Plaintiff alleges that the lien evidenced by the Deed of Trust has no value since it is wholly unsecured; that US Bank's claim is not allowable as a secured claim, and that accordingly, the Deed of Trust and its subsequent assignments is null and void.

54. Plaintiff is informed and believes that US Bank alleges the Deed of Trust cannot be determined to be null and void because it is secured by the Property which is Plaintiff's principal residence and is not wholly unsecured.

55. Plaintiff is informed and believes and thereon alleges that US Bank disputes the contention alleged herein.

56. An actual controversy exists between Plaintiff and US Bank with regard to the status of its claim as secured or unsecured.

57. It is necessary that this Court declare the actual rights and obligations of the parties and make a determination as to whether US Bank's claim against Plaintiff shall be allowable as secured or unsecured.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. That the Court determine the nature and extent and validity of Defendants' interest in the subject property;

COMPLAINT TO DETERMINE THE NATURE, EXTENT AND VALIDITY OF LIEN AND TO DISALLOW SECURED CLAIM.

2. That the Court determine that the amount of the lien secured by the Deed of Trust is zero;

3. That the Court determine that the claim owed to US Bank by Plaintiffs is wholly unsecured;

4. That the Court determine that the Deed of Trust is null and void;

5. For costs of suit incurred herein; and,

6. For such other and further relief as the court deems just and proper.

**THIRD CLAIM FOR RELIEF**
**[As to Defendant DBNTC]**
**[15 U.S.C. § 1641(g)]**

58. Plaintiff re-alleges and incorporates the allegations contained in preceding paragraphs, inclusive, as though set forth at length herein.

59. On or about October 25, 2010, MERS purportedly assigned the Deed of Trust to Defendant US Bank and recorded such assignment in the Los Angeles County Recorder's Office.

60. In May 2009, "The Helping Families Save Their Homes Act of 2009" was enacted into law that calls for notice to the consumer when a "mortgage loan" is transferred or assigned. The provision was effective immediately and violations are subject to TILA liability.

61. 15 U.S.C. § 1641 was amended by adding at the end the following:

*"(g) NOTICE OF NEW CREDITOR.-*
*(1) IN GENERAL.- In addition to other disclosures required by this title, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including-*
*(A) the identity, address, telephone number of the new creditor;*
*(B) the date of transfer;*
*(C) how to reach an agent or party having authority to act on behalf of the new creditor;*
*(D) the location of the place where transfer of ownership of the debt is recorded; and*
*(E) any other relevant information regarding the new creditor.*

62. From the record, it appears that US bank became the new owner or assignee in October, 2010.

63. To date, Plaintiff has not received any notice as required by 15 U.S.C. § 1641(g).

WHEREFORE, Plaintiff prays for judgment against Defendant US Bank as follows:

1. Statutory damage in the amount of $4,000.00;

2. For attorney fee and costs of suit incurred herein; and

3. För such other and further relief as the court deems just and proper.

### FOURTH CLAIM FOR RELIEF
### [As to All Defendants]
### [Fraud in Conveyance]

64. Plaintiff re-alleges and incorporates the allegations contained in preceding paragraphs, inclusive, as though set forth at length herein.

65. MERS, a Nominee for EMC purportedly assigned the PHH Deed of Trust, together with note to US Bank.

66. MERS was and is a foreign corporation, having no authority to conduct business in the State of California fraudulently acted as nominee for EMC as beneficiary under the Deed of Trust without Plaintiff's consent.

67. Upon information and belief, Plaintiff therefore alleges that neither MERS, EMC, nor US Bank paid any consideration for the promissory note. Assuming *Arguendo* that if EMC purchased the promissory note and paid MERS, such assignment would constitute fraudulent conveyance.

68. All Defendants mentioned herein participated in the fraud by processing falsified assignment of Deed of Trust.

69. US Bank falsely represented to Plaintiff that they received valid beneficial interest under the Deed of Trust as credit in exchange for trustees deed. The representations made by said Defendants were in fact false. The true facts were that MERS could not act as a nominee for EMC in receiving the assignment of Deed of Trust. In fact, MERS had no interest in the promissory note and could not assign or enforce the promissory note.

70. Plaintiff, at the time these representations were made by Defendants and at the time Plaintiffs took the actions alleged herein, was ignorant of the falsity of the Defendants' representations and believed them to be true. In reliance on these representations, Plaintiffs were induced to make payments to these Defendants when they were not entitled to such money.

71. The aforementioned conducts of the Defendants were intentional misrepresentation, deceit, or concealment of material fact known to the Defendants with the intention on the part of the

- 12 -
COMPLAINT TO DETERMINE THE NATURE, EXTENT AND VALIDITY OF LIEN AND TO DISALLOW SECURED CLAIM.

Defendants of thereby depriving the Plaintiffs of property or legal rights or otherwise causing injury, and was despicable conduct that subjected the Plaintiff to a cruel and unjust hardship in conscious disregard of the Plaintiffs' rights, so as to justify an award of exemplary and punitive damages.

**FIFTH CLAIM FOR RELIEF**
**[As to Defendant US Bank]**
**[Cancellation of Trustee Deed]**

72.   Plaintiff re-alleges and incorporates the allegations contained in preceding paragraphs, inclusive, as though set forth at length herein.

73.   Attached as Exhibit   is a copy of the Trustee Deed which was wrongfully signed by Aztec Foreclosure Corporation, and recorded with Los Angeles County Recorder. Said deed must be cancelled since it falsely notifies the world that Plaintiff no longer has an interest in the subject property.

74.   The Trustee Deed is void since Aztec Foreclosure Corporation lacked the authority to conduct the non-judicial trustee sale and no Court ever authorized Aztec Foreclosure Corporation to serve as trustee on any of the obligations encumbering the subject property.

75.   Moreover, US Bank did not pay any money to Aztec as consideration for the Trustee Deed. US Bank  allegedly submitted bid at trustee auction using credit that it did not have.

76.   Therefore, trustees deed is void as a matter of law, and must be cancelled.

**FIFTH CLAIM FOR RELIEF**
**[As to All Defendants and All Persons Claiming by,**
**Through, or Under Such Person, All Persons Unknown, Claiming Any Legal**
**Or Equitable Right, Title, Estate, Lien, or Interest in the Property**
**Described in the Complaint Adverse to Plaintiffs' Title Thereto and DOES 1-150]**
**[LIBEL]**

77.   Plaintiff re-alleges and incorporates the allegations contained in preceding paragraphs, inclusive, as though set forth at length herein.

78.   The conduct of Defendants constitute libel that tends to defame, disparage, and injure Plaintiffs in their business and reputation and has also caused pain and suffering.

79.   Such libel has occurred on a continuing basis from approximately 2007 through the present.

- 13 -
COMPLAINT TO DETERMINE THE NATURE, EXTENT AND VALIDITY OF LIEN AND TO DISALLOW SECURED CLAIM.

80. As a result of Defendants' acts and omissions, Plaintiff has been injured in an amount yet to be ascertained.

81. The conduct of these Defendants as alleged herein was willful, fraudulent, malicious, and oppressive. As a result, Plaintiffs request an award of punitive damages.

**SIXTH CLAIM FOR RELIEF**
**[As to US Bank and All Persons Claiming by,**
**Through, or Under Such Person, All Persons Unknown, Claiming Any Legal**
**Or Equitable Right, Title, Estate, Lien, or Interest in the Property**
**Described in the Complaint Adverse to Plaintiffs' Title Thereto and DOES 1-150]**
**[QUIET TITLE]**

82. Plaintiff re-alleges and incorporates the allegations contained in preceding paragraphs, inclusive, as though set forth at length herein.

83. Plaintiff is the owner of the subject property now held by the Plaintiff's estate.

84. The basis of Plaintiff's title is a deed granting the above-described property in fee simple to Plaintiff.

85. Plaintiff is informed and believes and on such information and belief alleges that Defendant US Bank and DOES 1-100 and all persons claiming, by, through, or under such person, all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the Complaint adverse to Plaintiff's title thereto, claim an interest adverse to Plaintiff in the above-described property as adverse interest the holder of a deed of trust against the subject property. Some of the Defendants including US Bank, MERS and unknown defendants, specifically those additionally designated as DOES 1-100, inclusive claim interests in the property adverse to Plaintiff as assignees and successors of Defendants.

WHEREFORE, Plaintiff is seeking to quiet title as of a date to be determined; For attorney fees and costs of suit incurred herein; and, For such other and further relief as the court deems just and proper.

//

//

//

DATED: 1/14/2011                           Respectfully Submitted;

_____
GARY HARRE, ESQ. (BAR NO. 86398)
DIANE BEALL, ESQ. (BAR NO. 86877)
BARRY FAGAN, ESQ. (BAR NO. 160104)
Attorneys for Debtor