1

WRIGHT, FINLAY & ZAK, LLP
Nichole Glowin, Esq., SBN 262932

2

4665 MacArthur Court, Suite 280
Newport Beach, CA  92660

3

(949) 477-5050; Fax: (949) 477-9200

4

nglowin@wrightlegal.net

5

Attorneys for Defendant, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE OF
MAIDEN LANE ASSET-BACKED SECURITIES I TRUST 2008-1, WITHOUT RECOURSE

6

SUCCESSOR LENDER BY MESNE TRANSFER FROM MORTGAGE ELECTRONIC

7

REGISTRATION SYSTEMS, INC., AS NOMINEE FOR GREENPOINT MORTGAGE
FUNDING, INC, A NEW YORK CORPORATION

8

UNITED STATES BANKRUPTCY COURT

9

CENTRAL DISTRICT OF CALIFORNIA- LOS ANGELES DIVISION

10

In re                                                        )

11

FERMIN P. CANLAS,                          )  Chapter: 7
                                                           )

12

          Debtor.                                 )
                                                           )  BK Case No.:  10-55468-TD

13

_____)  Adversary Case No. 11-01126-TD
                                                           )

14

FERMIN P. CANLAS, an Individual,     )
              Plaintiff,                           )  **NOTICE OF MOTION AND MOTION**

15

vs.                                                      )  **TO DISMISS ADVERSARY**
U.S. BANK NATIONAL ASSOCIATION, AS )  **COMPLAINT TO DETERMINE THE**

16

TRUSTEE OF MAIDEN LANE ASSET-     )  **NATURE, EXTENT AND VALIDITY OF**
BACKED SECURITIES I TRUST 2008-1,   )  **LIEN AND TO DISALLOW SECURED**

17

WITHOUT RECOURSE SUCCESSOR     )  **CLAIM, TILA VIOLATION, FRAUD,**

18

LENDER BY MESNE TRANSFER FROM  )  **LIBEL, QUIET TITLE, AND**
MORTGAGE ELECTRONIC                   )  **INJUNCTIVE RELIEF**

19

REGISTRATION SYSTEMS, INC., AS       )

20

NOMINEE FOR GREENPOINT               )
MORTGAGE FUNDING, INC, A NEW       )  Hearing Date:  April 7, 2011

21

YORK CORPORATION; AZTEC             )  Hearing Time: 10:00 AM
                                                           )  Courtroom: 1345

22

FORECLOSURE CORPORATION;            )  Location:  255 E. Temple Street
MORTGAGE ELECTRONIC                   )              Los Angeles, CA 90012

23

REGISTRATION SYSTEMS, INC. (MERS);  )

24

and all such persons claiming by, through, or )

25

under such person, all persons unknown,      )
claiming any legal or equitable right, title      )

26

estate, lien or interest in the property described )

27

in the complaint adverse to Plaintiff's title     )
thereto; and DOES 1 through 100, inclusive,  )

28

              Defendants.                        )

-1-

1      **TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF**

2  **RECORD, IF ANY:**

3      **PLEASE TAKE NOTICE** that on April 7, 2011, at 10:00 a.m., in Courtroom 1345 of

4  the United States Bankruptcy Court for the Central District of California, Los Angeles, Division,

5  located at 255 East Temple Street, Los Angles, California 90012, Defendant, U.S. BANK

6  NATIONAL ASSOCIATION, AS TRUSTEE OF MAIDEN LANE ASSET-BACKED

7  SECURITIES I TRUST 2008-1, WITHOUT RECOURSE SUCCESSOR LENDER BY MESNE

8  TRANSFER FROM MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS

9  NOMINEE FOR GREENPOINT MORTGAGE FUNDING, INC, A NEW YORK

10  CORPORATION ("Defendant" or "US Bank"), will move this Court for an Order dismissing the

11  Complaint of Plaintiff, FERMIN P. CANLAS ("Plaintiff"), pursuant to *Federal Rules of Civil*

12  *Procedure* ("*FRCP*") Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

13  Such motion will be brought on the grounds that, after reviewing the non-conclusory allegations

14  of the Complaint, Plaintiff has failed to plead essential facts which give rise to his claims and/or

15  the claims are time-barred on their face as confirmed by matters which may be judicially-noticed

16  by this Court.

17      This Motion will be based upon this Notice, the attached memorandum of points and

18  authorities, the Request for Judicial Notice filed concurrently herewith, the complete files and

19  records in this action, oral argument of counsel and upon such other and further evidence as this

20  Court might deem proper.

21                                            Respectfully submitted,
                                          WRIGHT, FINLAY & ZAK, LLP

22  Dated:  February 22, 2011       By:      */s/ Nichole Glowin*
                                          Nichole Glowin, Esq.

23                                            Attorney for Defendant, U.S. BANK NATIONAL
                                          ASSOCIATION, AS TRUSTEE OF MAIDEN

24                                            LANE ASSET-BACKED SECURITIES I TRUST

25                                            2008-1, WITHOUT RECOURSE SUCCESSOR
                                          LENDER BY MESNE TRANSFER FROM

26                                            MORTGAGE ELECTRONIC REGISTRATION

27                                            SYSTEMS, INC., AS NOMINEE FOR
                                          GREENPOINT MORTGAGE FUNDING, INC, A

28                                            NEW YORK CORPORATION

-2-

## MEMORANDUM OF POINTS AND AUTHORITY

### I.  INTRODUCTION

Plaintiff, FERMIN P. CANLAS ("Plaintiff") is a borrower who has undisputedly defaulted on his loan and has been foreclosed out of ownership.  He has filed this suit in conjunction with his bankruptcy petition in an attempt to delay the completion of the post-foreclosure eviction action against him.  In a weak attempt to support his Complaint, Plaintiff makes numerous unsubstantiated allegations of fraud connected to documents recorded pre-foreclosure which he maintains invalidates the foreclosure sale and the instruments secured against the property at issue and entitle him to damages, rescission of the foreclosure, nullification of the liens on the subject property under 11 U.S.C. §506, quiet title, declaratory and injunctive relief.

Plaintiff's wholly inadequate allegations make his Complaint subject to Defendant's, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE OF MAIDEN LANE ASSET-BACKED SECURITIES I TRUST 2008-1, WITHOUT RECOURSE SUCCESSOR LENDER BY MESNE TRANSFER FROM MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR GREENPOINT MORTGAGE FUNDING, INC, A NEW YORK CORPORATION ("Defendant" or "US Bank"),  Motion to Dismiss ("Motion"). At the outset, Plaintiff's entire Complaint fails as Plaintiff has not, and cannot allege a valid tender of the amounts due and owing under the subject loan which is a prerequisite to any cause of action or complaint seeking to challenge foreclosure proceedings. Furthermore, Plaintiff fails to provide evidence to rebut the prima facie validity of the foreclosure sale on the subject property or to plead the alleged fraud perpetrated with the requisite specificity. Moreover, as set forth below, all of Plaintiff's other allegations and prayers for relief are simply unsubstantiated and improperly pled. Accordingly, this Court should grant Defendant's Motion to Dismiss in its entirety and should deny Plaintiff any leave to amend.

### II. STATEMENT OF FACTS

On or about July 30, 2007, Plaintiff, for valuable consideration, executed a Note in favor of Greenpoint Mortgage Funding ("Lender"), in the amount of $607,500.00, which was secured by a Deed of Trust of even date recorded against the property located at 212 Gladys Avenue,

-3-

1 | Monterey Park, California 91755 ("Property") in the Official Records for the County of Los

2 | Angeles, on or about August 9, 2007, as Instrument No. 2007-1868558 ("Deed of Trust").[1]

3 | Thereafter, an Allonge to the Note was executed transferring all beneficial interest in the Note

4 | and Deed of Trust from the Lender to EMC Mortgage ("EMC").[2]

5 |     In February of 2009, Plaintiff defaulted under the terms of the Note and Deed of Trust by

6 | failing to make her monthly mortgage payments thereunder. As a result, on or about February 6,

7 | 2009, a Notice of Default and Election to Sell was recorded on the Property in the Official

8 | Records for the County of Los Angeles, as Instrument No. 2009-166599 ("NOD").[3] To proceed

9 | with the foreclosure, on or about May 15, 2009, EMC executed and recorded a Substitution of

10 | Trustee ("SOT"), which properly substituted the original Trustee under the Note and Deed of

11 | Trust with Aztec Foreclosure Corporation ("Aztec").[4]

12 |     When Plaintiff failed to cure the default, the substituted trustee under the Deed of Trust,

13 | Aztec recorded a Notice of Trustee's Sale against the Property in the Official Records for the

14 | County of Los Angeles, on or about June 17, 2010, as Instrument No. 2010-831931 ("NTS").[5]

15 | Subsequently, on or about October 13, 2010. EMC executed an Assignment of Deed of Trust,

16 | wherein they assigned all rights under the Note and Deed of Trust to Defendant, US Bank

17 | ("Assignment").[6]  The Assignment was thereafter recorded in the Official Records for the

18 | County of Los Angeles, on or about October 25, 2010, as Instrument No. 2010-1521738.[7]

19 |     On or about October 18, 2010, the successor trustee under the Note and Deed of Trust

20 | conducted a foreclosure sale on the Property ("Sale")[8] and Defendant US Bank purchased the

21 |

22 | [1] A true and correct copy of the Deed of Trust is attached as Exhibit "1" to the Request for Judicial Notice ("RJN") filed concurrently herewith and is incorporated herein by reference as though set forth in full.

23 | [2] A true and correct copy of the Allonge to the Note is attached as Exhibit "2" to the RJN and is incorporated herein by reference as though set forth in full.

24 | [3] A true and correct copy of the NOD is attached as Exhibit "3" to the RJN and is incorporated herein by reference as though set forth in full.

25 | [4] A true and correct copy of the Sub of Trustee is attached as Exhibit "4" to the RJN and is incorporated herein by reference as though set forth in full.

26 | [5] A true and correct copy of the NTS is attached as Exhibit "5" to the RJN and is incorporated herein by reference as though set forth in full.

27 | [6] A true and correct copy of the Assignment is attached as Exhibit "6" to the RJN and is incorporated herein by reference a though set forth in full.

28 | [7] Id.
[8] See RJN at Exhibit 7, TDUS.

NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT

1  Property at the Sale.[9] The Sale was held in accordance with Section 2924 of the California Civil

2  Code under a power of sale clause contained in the Deed of Trust[10] and Defendant US Bank duly

3  perfected its title to the Property by recording a Trustee's Deed Upon Sale in the Official

4  Records for the County of Los Angeles, on or about October 25, 2010, as Instrument No. 2010-

5  1521739 ("TDUS").[11]

6         In order to prevent his eviction from the Property, on or about October 21, 2010, Plaintiff

7  filed a petition under Chapter 7 of the United States Bankruptcy Code thereby commencing Case

8  No. 10-55468 ("Bankruptcy Action").[12]Shortly thereafter, on or about January 14, 2011, Plaintiff

9  filed the Complaint at issue commencing Adversary Case No. 11-01126 ("Adversary Action").

10  Defendants' Motion to Dismiss concerns the Complaint in this Adversary Action and should be

11  granted for the reasons set forth below.

12                              **III. ARGUMENT**

13  A.    **The Standards To Be Applied To A Motion To Dismiss.**

14         It is well-established that a complaint may be dismissed pursuant to *FRCP,* Rule 12(b)(6)

15  if it appears beyond doubt that plaintiff can prove no set of facts in support of its claim which

16  would The standard to be applied to a motion to dismiss for failure to state a claim upon which

17  relief can be granted, pursuant to *FRCP* Rule 12(b)(6), is well-established:  a complaint may be

18  dismissed if it appears beyond doubt that plaintiff can prove no set of facts in support of its claim

19  which would entitle it to relief.[13]  Further, according to *Moore's Federal Practice*:[14]

20         Dismissal under Rule 12 (b)(6) is proper if the complaint lacks an allegation
        regarding an element necessary to obtain relief....Dismissal under Rule 12(b)(6)
21         may also be appropriate when a successful affirmative defense or other bar to
        relief appears on the face of the complaint. . . .

22

23

24  ───────────────

[9] Id.

25  [10] See RJN at Exhibit 1, Deed of Trust.
[11] A true and correct copy of the TDUS is attached as Exhibit "7" to the RJN and is incorporated herein by reference

26  as though set forth in full.
[12] A true and correct copy of the Bankruptcy Docket for the Bankruptcy Action is attached as Exhibit "8" to the RJN

27  and is incorporated herein by reference as though set forth in full.
[13] *Conley v. Gibson* 355 U.S. 41, 45-46 (1957).  See also *Gillespie v. Civiletti*, (9th Cir. 1980) 629 F.2d 637, 640; *De*

28  *La Cruz v. Tormey*, (9th Cir. 1978) 582 F.2d 45, 48, cert. denied, 441 U.S. 965 (1979).
[14] (3d ed. 2006) Vol. 2, ¶ 12.34 [4][a], [b].

**NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT**

1    Additionally, although Plaintiff needs to provide only a 'short and plain statement of the

2    claim,' [pursuant to *FRCP* Rule 8], where the claims in a complaint are insufficiently supported

3    by factual allegation, the claims may be disposed of by summary dismissal.[15]  Although all well-

4    pled facts in the complaint are deemed true in ruling on a motion to dismiss, conclusory

5    allegations are disregarded.[16]  A plaintiff cannot avoid this bar by clothing legal conclusions in

6    the guise of facts to take advantage of the liberality with which courts otherwise view

7    pleadings.[17]  As stated by the U.S. Supreme Court: "Factual allegations must be enough to raise a

8    right to relief above the speculative level."[18]  Moreover, the Court is not limited to the allegations

9    of the complaint in ruling on a motion to dismiss, but can also consider any documents attached

10   to the complaint.[19]  Finally, the Court does not have to accept alleged facts as true, when they

11   contradict matters subject to judicial notice.[20]

12       Examining the allegations of the Complaint in the instant action, and the documents

13   appended thereto, it is readily apparent that the complaint falls far short of the pleading

14   requirements needed to survive a motion to dismiss.

15       **A.    Defendants' Motion to Dismiss the Complaint Should Be Granted As**

16   **Plaintiff Has Failed to Tender**

17       A party challenging foreclosure proceedings appears in equity and is thus required to *do*

18   *equity* before a court will exercise its equitable powers.[21]

19       As a consequence of this rule: "A valid and viable tender of payment of the indebtedness

20   owing is essential to an action to cancel a voidable sale under a deed of trust."[22]  Thus, Plaintiff

21

22

23   [15] See also *Balistreri v. Pacifica Police Department*, (9th Cir. 1988) 855 F.2d 1421, 1424; *Stinson v. Home
     Insurance Co.*, (N.D. CA 1988) 690 F.Supp. 882, 886; *Dack v. Shanman*, (S.D.N.Y. 1964) 227 F.Supp. 26, 30
24   (dismissing complaint where count was so sketchy as to be unintelligible).
     [16] *McCarthy v. Mayo*, (9th Cir. 1987) 827 F.2d 1310, 1316.
25   [17] *Western Mining Council v. Watt*, (9th Cir. 1981) 643 F.2d 618, 624.
     [18] *Bell Atlantic Corp. v. Twombly*, (2007) 550 U.S. 544, 127 S. Ct. 1955, 1965.
26   [19] *Durning v. First Boston Corp.* (9th Cir. 1987) 815 F.2d 1265, 1267.
     [20] *Sears, Roebuck & Co. v. Metropolitan Engraver, Ltd.*, 245 F.2d 67, 70 (9th Cir. 1956).
27   [21] Miller & Starr, California Real Estate (3rd Ed 1989) 10 Deeds of Trust § 10:212, pages 658-659; see also *Arnold's
     Management Corp. v. Eischen* (1984) 158 Cal.App.3d 575, 577 and *Karlsen v. American Sav. & Loan Assn.* (1971)
28   15 Cal.App.3d 112, 117.
     [22] *Karlsen v. American Savings and Loan Association* (1971) 15 Cal.App.3d 112, 117 (citations omitted)

-6-

1   is required by law to allege tender of the amount of the secured debt to maintain *any cause of*

2   *action* for irregularity in the foreclosure sale procedure.[23]

3        Further, the tender must have been made in *good faith*; the party making the tender must

4   have had the *ability to perform*; and the tender must have been *unconditional*.[24]  Courts have

5   expanded the application of the tender requirement beyond equitable causes of action to include

6   any cause of action that is *"implicitly integrated"* within allegations challenging the foreclosure

7   sale proceedings.[25] Absent tender, a complaint fails to state a cause of action.[26]

8        Throughout the Complaint, Plaintiff alleges that Defendant's actions in proceeding to

9   foreclose, namely their recording of the alleged fraudulent Assignment and Sub of Trustee

10  somehow invalidate the foreclosure and the Deed of Trust and entitle the Plaintiff to monetary

11  damages, rescission of the foreclosure sale, cancellation of the Deed of Trust declaratory and

12  injunctive relief.[27] These allegations directly challenge the foreclosure process initiated by

13  Defendants or request relief associated with the alleged foreclosure process issues.  Each of

14  Plaintiff's claims and prayers for relief, therefore, are implicitly integrated with allegations

15  challenging the foreclosure proceedings.  As such, Plaintiffs must allege a valid tender of the

16  past-due amount owing under the Note and Deed of Trust.  Plaintiffs have not and cannot allege

17  tender.  The failure of Plaintiffs to so allege the requisite tender alone causes all of the causes of

18  action in the Complaint to fail and permits this Court to Grant Defendants' Motion to Dismiss.

19  **B.     Plaintiff's Claims To Value Defendants Deed of Trust Under 11 U.S.C. § 506**

20  **Fails As Such Relief Is Prohibited In Chapter 7 Bankruptcy Cases and Plaintiff Lacks**

21  **Standing**

22        It is undisputed that the Supreme Court's holding in *Dewsnup v. Timm*, 502 U.S. 410, 112

23  S.Ct. 773, 116 L.Ed.2d prohibits a Chapter 7 Debtor from invoking 11 U.S.C. § 506 to strip

---

[23] *Abdallah v. United Savings Bank* (1996) 43 Cal.App.4th 1101, 1109 (emphasis added.); see also, *United States Cold Storage v. Great Western Savings & Loan Assoc.* (1985) 165 Cal.App.3d 1214, 1222; *Karlsen v. American Savings & Loan Assoc.* (1971) 15 Cal.App.3d 112, 117.
[24] See, Miller & Starr, supra.; see also, Civil Code §1486 (full performance), 1493 (good faith), 1494 (unconditional) and 1495 (offeror must have ability to perform).
[25] *Arnolds*,158 Cal.App.3d at 578-579.
[26] See, *Karlsen*, supra., at p. 117.
[27] See Plaintiff's Adversary Complaint on file with the Court, generally.

-7-

1  down an unsecured mortgage to the value of the collateral or to bifurcate a mortgage into secured

2  or unsecured portions. Moreover, the Ninth Circuit has noted that the prohibition set forth in

3  *Dewsnup* completely divests an debtor of standing to institute an adversary proceeding to value

4  or strip a secured creditor's lien under §506 in connection with their Chapter 7 bankruptcy

5  case.[28]

6        Here, Plaintiff's underlying Bankruptcy Action is a Chapter 7 case. Plaintiff therefore

7  lacks standing and is prohibited from instituting any adversary under Federal Rule of Bankruptcy

8  Procedure ("FRBP") Rule 7001 to strip down or value Defendant's Deed of Trust. Accordingly,

9  any of Defendants claims, including his requested declaratory relief relating to the request to

10  value Defendant's Deed of Trust under § 506 should be dismissed without leave to amend.

11        **C.    Plaintiff's Claims To Value Defendants Deed of Trust Under 11 U.S.C. § 506**

12  **Fails as It Is Secured by Debtor's Principal Residence**

13        If by some chance the Court is persuaded to allow the Chapter 7 Plaintiff to modify the

14  Defendant's Deed of Trust under §506, such relief should still be denied as the Deed of Trust is

15  secured by Plaintiff's principal residence.

16        The Supreme Court in *Nobelman v. American Savings Bank*, 508 U.S. 324, 113 S.Ct.

17  2106, 124 L.Ed.2d 228 (1993) specifically held that 11 U.S.C. §1322(b)(2) prevents anyone from

18  bringing any motion or adversary proceeding to modify a secured creditor's lien under § 506 that

19  is secured in a debtor's principal residence.

20        Defendant's Deed of Trust is secured in the Property, which is commonly known as 212

21  Gladys Avenue, Monterey Park, California 91755.[29] Plaintiff's Schedule A[30] filed in the

22  Bankruptcy Action, as well as the docket for the Bankruptcy Action,[31] indicate that Plaintiff's

23  principal residence is the Property on 212 Gladys. As such, even if Plaintiff could subvert the

24  Chapter 7 prohibitions set forth above, all of Plaintiffs claims associated with relief under §506

25

26  [28] See *Laskin v. First National Bank of Keystone*, 222 B.R. 872 (9th Cir. BAP 1998).
[29] See RJN at Exhibit "1", Deed of Trust at pg. 3 stating that the property encumbered is located at 212 Gladys
27  Avenue, Monterey Park, CA 91755.
[30] A true and correct copy of Schedule A filed by Plaintiff in the Bankruptcy Action is attached as Exhibit "9" to the
28  RJN and is incorporated herein by reference as though set forth in full.
[31] See RJN at Exhibit "8," docket for the Bankruptcy Action.

NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT

1  should still be dismissed without leave to amend as the Deed of Trust is secured by Plaintiffs

2  principal residence.

3       **D.**    **Plaintiff's Claim for Declaratory Relief  In Connection with 11 U.S.C. § 506**

4            **Fails as Plaintiff Seeks Declaratory Relief on Issues that are the Subject of**

5            **Existing And Deficient Claims**

6         Generally, an action for declaratory relief will not lie to determine an issue which is

7  already the subject of an existing claim.[32]

8                "The declaratory relief statute should not be used for the purpose of
   anticipating and determining issues which can be determined in the

9                main action.  The object of the statute is to afford a new form of
   relief where needed and not to furnish a litigant with a second cause

10               of action for the determination of identical issues."[33]

11

12        Here, Plaintiffs are impermissibly seeking declaratory relief on precisely the same issues

13 that are already before the Court in Plaintiff's claim to value Defendant's Deed of Trust under 11

14 U.S.C. § 506.[34] Since this claim is predicated on the irrelevant and legally defunct lien valuation

15 lien stripping theory, which has above been demonstrated to be invalid and inapplicable in this

16 case, it too is also defective.[35]  Lastly, this claim for equitable relief is also barred by the rule of

17 tender, as discussed above. Thus, Plaintiff's Motion to Dismiss should be granted.

18      **E.**    **Plaintiff's TILA Claim 11 U.S.C. §1641(g) Fails As Plaintiff's Has Failed to**

19 **Allege Actual Damages**

20        Pursuant to 15 U.S.C. § 1641(e), an assignee is only liable for statutory damages and

21 attorney's fees if the alleged TILA violation is apparent on the face of the document complained

22 of.[36] If no violation is facially apparent, the assignee is only liable for any actual damages proven

23 by the complaining party.[37]

24

25 ────────────

26 [32] California Ins. Guarantee Ass'n v. Sup. Ct. (1991) 231 Cal.App.3d 1617, 1623.
   [33] Id. at 1624, citing *General of America Ins. Co. v. Lilly* (1968) 258 Cal.App.2d 465, 470.

27 [34] See Plaintiff's Adversary Complaint on file with this Court, generally.
   [35] Id.

28 [36] See 15 U.S.C. § 1541; See also for, e.g., *Taylor v. Quality Hyundai*, 150 F.3d 689, 694 (7th Cir.1998); see also
   *Walker v. Gateway Fin. Corp.*, 286 F.Supp.2d 965, 968-969 (N.D.Ill.2003).
   [37] See 11 U.S.C. §1641(a).

-9-

**NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT**

1    The facts of this case clearly show that Defendant is an assignee and not the originating

2   lender under the Note and Deed of Trust.[38] Thus, Plaintiff's is required to prove a facial violation

3   of TILA to obtain the requested statutory damages; an element that Plaintiff completely fails to

4   plead. Accordingly, Plaintiff is limited to a recovery of "actual damages" under 11 U.S.C. §

5   1641(a). Unfortunately, however, Plaintiff's makes no allegations and provides no evidence to

6   support any actual damages suffered as a result of the Defendant's alleged TILA violation. As

7   such, Plaintiff has failed to meet their burden to establish a cause of action for statutory or actual

8   damages under TILA and Defendant's Motion should be granted.

9    **F.    Plaintiff's Fraud Based Claims Are Improperly Pled And Lack the Required**

10  **Specificity to State a Cause of Action**

11    All of Plaintiff's causes of action rest upon an alleged "fraud" in connection with the

12  execution of pre-foreclosure documents. Because of this "fraud", Plaintiff claims that the

13  foreclosure and eviction are invalid and that she is entitled to declaratory, injunctive and

14  monetary relief. Unfortunately, Plaintiff's fraud claims fail as they lack the specific facts needed

15  to meet even the most minimal pleading standards for fraud.

16    Fraud actions have been classified as "disfavored," and are subject to strict requirements

17  of particularity in pleading.[39]  The elements of fraud must be alleged with a high degree of

18  specificity, and are as follows: (1) a material representation or deceit that is false; (2) knowledge

19  of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damages.[40]

20    It is essential that the facts and circumstances which constitute the fraud be set out

21  clearly, concisely, and with sufficient particularity to apprise the opposite party of what it is

22  called on to answer, and to enable the court to determine whether, on the facts pleaded, there is

23  any foundation, prima facie at least, for the charge of fraud.[41]  Moreover, the policy of liberal

24  construction of pleadings will not be invoked to sustain a defective complaint for fraud.[42]

25

26  ---

[38] See RJN at Exhibit "1" Deed of Trust and RJN at Exhibit "6" Assignment.
[39] *Scafindi v. Western Loan and Building Company*, 72 Cal. Ap.2d 550, 558 (1946).
27  [40] *Cicone v. U.R.S. Corp.*, 183 Cal.App.3d 194, 200 (1986); Philipson & Simon v. Gulsvig, 154 Cal.App.4th 347, 363(2007).
28  [41] *Scafidi v. West. Loan & Bldg. Co.* (1946) 72 Cal.App.2d 550, 558.
[42] Id.

-10-

1    Fraud requires specific allegations of facts that "show how, when, where, to whom, and

2    by what means the representations were tendered."[43]  Additionally, requirements for pleading

3    fraud against a *corporation are even more stringent,*[44] requiring the plaintiff to allege: 1) the

4    names of the persons who made the allegedly fraudulent statements or omissions, 2) their

5    authority, and 3) when they were misrepresented. [45]

6    Here, Plaintiff fails to completely walk through the analysis of who, what, when where

7    and why. Instead, Plaintiff conclusorily alleges that certain documents were fraudulently

8    executed with intent to defraud. However, Plaintiff does not prove the falsity of the documents,

9    the intent that certain matters were undertaken with the intent to defraud or that she relied on the

10    alleged fraud. For this fact alone, Defendant's Motion should be granted. Moreover, Plaintiff's

11    allegations of what constitutes fraud are completely ungrounded.

12    **1.    Plaintiff's Theory That MERS' Involvement In The Loan Renders the**

13    **Assignment and Foreclosure Documents Fraudulent and Void is Unsupported by Law.**

14    Plaintiff's fraud theory rests on the premise that the Assignment of the Deed of Trust and

15    execution of the Substitution of Trustee and other foreclosure documents are fraudulent, void and

16    must be canceled because they were executed by MERS, who lacked authority and any rights

17    under the Deed of Trust.

18    As an initial matter, MERS acts as a title holder for the originating lender, and that

19    lender's successors and assigns.[46] As the mortgagee of record, MERS can bring foreclosures in

20    MERS name on loans that are in default.  Courts have routinely held that MERS has standing to

21    foreclose.[47] Further, the beneficiary is statutorily entitled to proceed with a foreclosure through

22

23    [43] *Lazar v. Super. Ct.,* (1996) 12 Cal. 4th 631, 645; *Robinson Helicopter Co., Inc. v. Dana Corp.,* (2004) 34 Cal. 4th
24    979, 993.
    [44] *Lazar v. Superior Court,* 12 Cal.4th 631, 645 (1996).
25    [45] *Tarmann v. State Farm Mutual Auto Insurance Company,* 2 Cal.App.4th 153, 157 (1991).
    [46] See RJN, Exhibit 1, Deed of Trust, paragraph E. See also Cal. Corp. Code §§ 191(c)(7).
26    [47] *Farahani v. Cal-Western Reconveyance Corp.,* No. 09-194, 2009 WL 1309732, at *2-3 (N.D. Cal. May 8, 2009)
    (upholding MERS' role in pursing non-judicial foreclosure under California law); *Trent v. Mortgage Elec.*
27    *Registration Sys., Inc.,* 288 F. App'x 571, 572 (11th Cir. 2008) ("Under the contracts, [MERS] has the legal right to
    foreclose on the debtors' property" and "is the mortgagee."); *Pfannenstiel v. Mortgage Electronic Registration Sys.,*
28    *Inc.,* No. CIV S-08-2609 MCE DAD PS, 2009 WL 347716, at *3-4 (E.D. Cal. Feb. 11, 2009) (accepting defendants'
    position that MERS, as the nominee beneficiary of the deed of trust, and its assignee under the deed of trust, had
    authority to commence foreclosure proceedings under California law); *Mortgage Electronic Registration Systems,*

**NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT**

1    the use of agents[48] such as Aztec (as to whom there is a recorded Substitution of Trustee[49]).

2    Thus, on its face, Plaintiff has not demonstrated that MERS' involvement in the loan renders the

3    foreclosure improper.

4          Further, Plaintiff's challenge to MERS's standing and ability to act as the beneficiary

5    under the Deed of Trust is without any supporting authority.[50] This widely duplicated argument

6    in foreclosure cases has been universally rejected:

7    - Indeed, as the listed beneficiary as nominee on the Deed of Trust, MERS
had the right to assign its beneficial interest to a third party…[C]ourts
8    have summarily rejected the argument that companies like MERS lose
their power of sale pursuant to the deed of trust when the original
9    promissory note is assigned to a trust pool.[51]

10    - The Court has also rejected Plaintiff's arguments that MERS did not have
the authority to substitute Weiss as the trustee under the Deed of Trust, or
11    to assign its beneficial interest under the Deed of Trust.[52]

12    - California courts have found the argument, allowing the power of sale
provision to grant MERS the right to foreclose, persuasive. [Citations
13    omitted.] Other jurisdictions have also ruled that this same power of sale
provision allows MERS to exercise all of the substantive rights of the
14    party who holds the beneficial ownership of the Deed of Trust, including
15    the right to foreclose and sell the property. [Citations omitted.].[53]

16    - Plaintiff's allegations ignore the plain language of the Deed of Trust. First,
the Deed of Trust expressly designated MERS as the nominee of the
17    lender and as the beneficiary…Second, Plaintiff distinctly granted MERS
18    the right to foreclose through the power of sale provision, giving MERS
the right to conduct the foreclosure process under Section 2924…Pursuant
19    to the terms of the Deed of Trust and § 2924, as a beneficiary, MERS has
a right to conduct the foreclosure process.[54]
20

21          Here, Plaintiff explicitly agreed that MERS would act as nominee for the lender and

22

23    _Inc., v. Oscar Revoredo_, 955 So.2d 33 (Fla. App. 3 Dist., 2007) (appellate court upheld a ruling finding that MERS
had standing to foreclose); _Mortgage Electronic Registration Systems, Inc., v. George Azize_, 2007 WL 517842 (Fla.
24    App. 2 Dist., 2007) (MERS as had standing to foreclose).
[48] See, e.g., Civil Code § 2924(a)(1).
25    [49] See RJN, Exhibit "4" SOT.
[50] The authority referenced by Plaintiff, includes only Bankruptcy cases and foreign authority in states which rely on
26    judicial foreclosure proceedings, which differs from the requirements under California's non-judicial foreclosure
process.
27    [51] _Baisa v. Indymac Federal Bank_ (E.D.Cal., November 06, 2009) 2009 WL 3756682 at * 4.
[52] _Benham v. Aurora Loan Services_ (N.D.Cal. Feb. 9, 2010) 2010 WL 532685 at *4.
28    [53] _Pantoja v. Countrywide Home Loans, Inc._ (N.D.Cal. 2009) 640 F.Supp.2d 1177, 1190 fn. 15.
[54] Id. at 1189.

1  lender's successors and assigns and that MERS would act as beneficiary of the Deed of Trust

2  through his execution of the Note and Deed of Trust.  Thus, Plaintiff expressly granted MERS

3  (as nominee to lender and lender's successors and assigns) the right to foreclose and to execute

4  documents in anticipation of foreclosure.[55] Plaintiff's claims regarding MERS are therefore

5  without merit and Defendants' Motion to Dismiss should be granted without leave to amend.

6        **2.**      **Aztec Foreclosure Corporation Was Authorized to Foreclose Under the**

7  **Validly Executed Substitution of Trustee**

8        Plaintiff's second fraud theory rests on the basis that the Substitution of Trustee

9  nominating Defendant, Aztec Foreclosure Corporation ("Aztec") as foreclosure trustee was

10  invalid as it was executed by MERS. Under this guise, Plaintiff goes on to assert that Aztec

11  lacked authority to complete the foreclosure on the Property.

12        As discussed above, MERS was authorized as beneficiary to execute the Substitution of

13  Trustee and to nominate Aztec Foreclosure. Thus, the only possible remaining issue is if Aztec

14  had authority to complete the foreclosure.

15        California law authorizes a trustee, mortgagee, beneficiary under the Note and Deed of

16  Trust or any of their agents to conduct the foreclose process[56] Under Civil Code §2934a the

17  trustee under a deed of trust…may be substituted by the recording in the county in which the

18  property is located of a substitution executed and acknowledged by (A) all of the beneficiaries

19  under the trust deed, or their successors in interest…" Additionally, pursuant to Civil Code

20  2934a(d), "once recorded, the substitution shall constitute conclusive evidence of the authority of

21  the substituted trustee or his or her agents to act pursuant to this section."

22        In this matter, Defendant was the named beneficiary and successor-in-interest to the

23  original Lender under the Note and Deed of Trust[57] and executed a Substitution of Trustee which

24  was recorded in the Official Records for the County of Los Angeles on May 15, 2009, naming

25  Aztec as their foreclosure trustee.[58] Thus, Aztec had the authority to foreclose on the Property on

26

27  [55] See RJN, Exhibit 1, Deed of Trust.
    [56] See California Civil Code ("Civil Code") §2924(a)(1).

28  [57] See RJN at Exhibit "6," Assignment.
    [58] See RJN at Exhibit "4." Substitution of Trustee.

**NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT**

1  behalf of the Defendant, the foreclosure Sale and TDUS are valid and Defendant's Motion

2  should be granted without leave to amend.

3  **3.    The Foreclosure Sale Is Presumptively Valid**

4  Here, Plaintiff attempts to challenge the foreclosure of the property based on the theory

5  of fraud. As set forth above, this theory completely fails and is just plain false. Additionally,

6  Plaintiff cannot properly maintain a cause of action to challenge the foreclosure as she has failed

7  to tender. Moreover, the foreclosure Sale is presumptively valid and Plaintiff has provided no

8  real evidence to rebut this presumption.

9  California law is clear : "[i]f the trustee's deed recites that all statutory notice

10 requirements and procedures required by law for the conduct of the foreclosure have been

11 satisfied, a rebuttable presumption arises that the sale has been conducted regularly and

12 properly,"[59] under the detailed regulatory provisions of California *Civil Code* Sections 2924

13 through 2924 *l.*[60]

14 Here, the Trustee's Deed Upon Sale includes all the requisite language required by the

15 statute, thus the sale is presumptively valid.[61] Plaintiff has provided no real admissible evidence

16 to challenge this premise, and in fact is precluded from doing so due to inability to tender.

17 Consequently, Defendants' Motion to Dismiss should be granted.

18 **G.    Plaintiff's Claims for Cancellation of the Trustee's Deed Upon Sale Fail To**

19 **State a Cause of Action**

20 As an initial matter, Plaintiff did not tender the amounts owing prior to the foreclosure

21 sale and has not done equity to receive the equitable relief sought.[62] Therefore, Plaintiff should

22 not be permitted to set aside the sale or cancel the TDUS.

23 Further, as demonstrated above, Plaintiff's theories for cancellation of the TDUS rely on

24 the alleged fraud in the execution of the loan and foreclosure documents all fail to state a cause

25

26

27 [59] *Nguyen v. Calhoun* (2003) 105 Cal.App.4th 428, 441.
[60] *Moeller v. Lien* (1994) 25 Cal.App.4th 822, 830; *Huene v. Cribb* (1908) 9 Cal. App. 141, 143-144 (power of sale must be express in the deed of trust).

28 [61] RJN, Exhibit "7," TDUS.
[62] *Williams v. Koenig*, 219 Cal. 656, 660 (1934).

-14-

1   of action and fail to rebut the presumptive validity of the completed foreclosure sale.

2   Defendant's Motion to dismiss should therefore be granted without leave to amend.

3   **H.    Plaintiff's Libel Claim Is Nonsensical And Fail To State Facts Sufficient to**

4   **Constitute a Cause of Action**

5         To maintain a cause of action for libel under common law the complaining party must

6   show 1) that a false or defamatory statement was made; 2) to a third party; 3) at the fault of the

7   party making the statement and 4) that harm was caused by the statement made.[63]

8         Plaintiff's complaint makes no specific allegations as to what defamatory statements

9   were made about the Plaintiff to constitute a cause of action for libel. Additionally, Plaintiff's

10  libel claim is nonsensical in nature as the inferred "libelous" statements seem to infer statements

11  made regarding the title of Plaintiff's Property and not the Plaintiff, himself. If the defamatory

12  statements concern title to the Property, Plaintiff should more properly bring a cause of action for

13  slander of title, however, even if Plaintiff did so, such cause of action would fail.

14        Slander of Title is a false and unprivileged disparagement, oral or written, of the title to

15  real or personal property, resulting in actual pecuniary damage.[64] The elements of Slander of

16  Title are (1) publication; (2) falsity; (3) absence of privilege; (4) and disparagement of another's

17  land which is relied upon by a third party and which results in pecuniary loss.[65] Further, fictional

18  malice or malice implied-in-law from the unprivileged character of the act is required.[66]

19        Here, there has not been any slander of Plaintiffs' title since the conduct complained of

20  was privileged as a matter of law to the extent that such conduct was made in accordance with

21  the non-judicial foreclosure proceedings.[67] Although Plaintiff attempts to allege a slander or

22  cloud on title through the alleged recording of the fraudulent Assignment and Substitution of

23  Trustee by MERS, such arguments are with merit. As explained above, Plaintiff's fraud

24  allegations completely fail and all of the documents recorded in connection with the

25

26

27

28

[63] See for e.g. *Lawson v. AK Steel Corp.* (1997), 121 Ohio App.3d 251, 256
[64] *Gudger v. Manton* (1943) 21 C.2d 537, 541, 134 P.2d 217.
[65] Summary of California Law, (2005), B.E. Witkin, 10th Ed., § 642. (emphasis added)
[66] *Gudger v. Manton* at 544.
[67] California Civil Code Section 2924(d).

-15-

**NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT**

1  presumptively valid foreclosure were proper. Thus no cloud exists on Plaintiff's title. Moreover,

2  Plaintiff fails to provide facts as to why the published statements are unprivileged, are untrue, or

3  are the product of malice.

4     Based on the foregoing it is clear that Plaintiff's claim for libel and his inferred claim for

5  slander of title both fail and Defendant's Motion should therefore be granted without leave to

6  amend.

7     **I.**    **Plaintiffs Have Not Asserted A valid Claim For Quiet Title**

8     A quiet title action is maintained to establish or quiet title to, or an interest in, real

9  property as between adverse claimants.[68]  A quiet title cause of action must be based on a

10  showing that title should be quieted in the plaintiffs' favor. Moreover, in order to state a valid

11  Quiet Title claim, Plaintiffs were required to discharge the Note's debt.[69]

12     Plaintiffs have simply funneled the Complaint's previous meritless claims into this claim

13  and somehow believe they are entitled to the Property free and clear.  Since Plaintiffs' previous

14  causes of action fail, as discussed above, this Quiet Title cause of action will also fail for being

15  fatally dependent on them. Therefore, Defendant's Motion to Dismiss should be granted.

16     **J.**    **Plaintiff's Claim for Injunctive Relief Fails to State Sufficient Facts to**

17          **Constitute a Cause of Action.**

18     Injunctive relief is a remedy and not, in itself, a cause of action.[70]  A cause of action must

19  exist before injunctive relief may be granted.[71]  In order to state a cause of action for injunctive

20  relief, Plaintiff must establish the probable likelihood that they will prevail on the merits of the

21  underlying causes of action.[72]  Moreover, to challenge the foreclosure process, Plaintiff must

22  appear before the court in equity, which subjects them to the tender restrictions discussed above,

23  i.e., to get equity, one must do equity,[73] which Plaintiff has not done.  Finally, since this claim is

24

25  [68] See Code Civ. Proc. §760.010 et seq.
26  [69] *Manown*, 2009 WL 2406335 at *6 ("...a trustor cannot 'quiet title without discharging his debt.'" [Citation omitted.])
27  [70] *Shell Oil v. Richter*, 52 Cal. App. 2d 164, 168 (1942).
  [71] Id.
28  [72] *Langford v. Sup. Ct.*, 43 Cal. 3d. 21 (1987).
  [73] See *Arnold's Management Corp.*, 158 Cal.App.3d at 577; *Karlsen*, 15 Cal.App.3d at 117; *More*, 85 Cal. at 177, accord *Herman*, 54 Cal. at 161 (A party seeking equity must do equity; and, where one seeks to be discharged from

-16-

1  fatally dependent on its preceding defective causes of action, as demonstrated above, it too shall

2  fail.  Therefore, Defendants' Motion to Dismiss should be granted.

3                                   **IV.    CONCLUSION**

4         Based on foregoing, Defendants respectfully requests the Court to dismiss Plaintiff's

5  Adversary Complaint, with prejudice, under FRCP Rule 12(b)(6) for failure to state a claim for

6  which relief can be sought. Accordingly, any and all damages or relief requested by the Plaintiff,

7  including monetary damages, should be denied.

8
9                                        Respectfully submitted,

10                                       WRIGHT, FINLAY & ZAK, LLP

11
12  Dated:  February 22, 2011        By:      _/s/ Nichole Glowin_
                                         Nichole Glowin, Esq.
13                                       Attorneys for Defendants, Attorney for Defendant,
                                         U.S. BANK NATIONAL ASSOCIATION, AS
14                                       TRUSTEE OF MAIDEN LANE ASSET-BACKED
                                         SECURITIES I TRUST 2008-1, WITHOUT
15                                       RECOURSE SUCCESSOR LENDER BY MESNE
16                                       TRANSFER FROM MORTGAGE ELECTRONIC
                                         REGISTRATION SYSTEMS, INC., AS
17                                       NOMINEE FOR GREENPOINT MORTGAGE
18                                       FUNDING, INC, A NEW YORK CORPORATION

19
20
21
22
23
24
25
26
27
28   a contract, he must restore or offer to restore to the other party the benefits received by him under it, to entitle him to
     relief).

                                            -17-
_____
**NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT**

## PROOF OF SERVICE

I am employed in the County of Orange, State of California.  I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660.

On February 22, 2011, I served the foregoing document described as **NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT TO DETERMINE THE NATURE, EXTENT AND VALIDITY OF LIEN AND TO DISALLOW SECURED CLAIM, TILA VIOLATION, FRAUD, LIBEL, QUIET TITLE, AND INJUNCTIVE RELIEF and REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT TO DETERMINE THE NATURE, EXTENT AND VALIDITY OF LIEN AND TO DISALLOW SECURED CLAIM, TILA VIOLATION, FRAUD, LIBEL, QUIET TITLE, AND INJUNCTIVE RELIEF,** on the interested parties in this action as follows:

[X]    by placing [  ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

**SEE ATTACHED SERVICE LIST**

[X]    (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Newport Beach, California. I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service pursuant to which practice the correspondence is deposited with the U.S. Postal Service the same day in the ordinary course of business.

[X]    (BY ELCTRONIC SERVICE) Pursuant to CM/ECF System, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities. The Court's CM/ECF systems sends an e-mail notification of the filing to the parties and counsel of record listed above who are registered with the Court's EC/ECF system.

[X]    (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 22, 2011, at Newport Beach, California.

    /s/ Gretchen Crumpacker
Gretchen Crumpacker

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SERVICE LIST**
BK Case No.:  10-55468-TD
Adversary Case No. 11-01126-TD
In re Fermin Canlas

Fermin P Canlas
212 Gladys Ave
Monterey Park, CA 91755
*Plaintiff*

Gary L Harre
Global Capital Law PC
17612 Beach Blvd Ste 8
Huntington Beach, CA 92647
*Attorney for Defendant*

Mortgage Electronic Registrations Systems, Inc.
Attn: Legal Department
1818 Library Street, Suite 300
Reston, VA 20190
*Defendant*

Aztec Foreclosure Corporation
c/o Nicole Neff, Esq.
Law Offices of Wright, Finlay & Zak, LLP
4665 MacArthur Court, Ste. 280
Newport Beach, CA 90016
*Defendant*

Howard M Ehrenberg (TR)
SulmeyerKupetz
333 South Hope Street, 35th Floor
Los Angeles, CA 90071
*Chapter 7 Trustee*

United States Trustee (LA)
725 S Figueroa St., 26th Floor
Los Angeles, CA 90017
*Unites States Trustee*

Honorable Thomas B. Donovan
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1352 / Courtroom 1345
Los Angeles, CA 90012
*Court*